IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT

State of Florida,

Department of Revenue,

Courtney Tierra Cooper, et al.

                    Petitioner,

v.

WILGAN CAJUSTE

                   Respondent.

Case No.: 6:23-cv-1482-RBD-DCI

**NOTICE OF REMOVAL (AMENDED)**

Removed from:

Administrative Court of the Ninth Judicial Circuit Court for Orange and Osceola Counties of the State of Florida

**TO:**   Clerk of the U. S. District Court for the Middle District of Florida

**PLEASE TAKE NOTICE** that Wilgan, "Christian name", as indemnified agent, name-holder, for Respondent WILGAN CAJUSTE (legal name) hereby removes this administrative action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Petitioner's complaint and are being filed in the Ninth Judicial Circuit Court for Orange and Osceola Counties of the State of Florida.

For Wilgan as indemnified agent, name-holder, to agree or to respond to the Florida Court would be deemed as consent to Florida's jurisdiction which is repudiated and denied.

<u>**Basis for Removal to Federal Jurisdiction**</u>

VI. On Oct. 06, 2021, Petitioner, The State of Florida Department of Revenue ("FLDOR") and Courtney Tierra Cooper ("Cooper") (collectively "Petitioner") filed the request ("Complaint") in the Orange County Administrative Court of the State of Florida, styled as The Department of Revenue and Courtney Tierra Cooper v. Wilgan Cajuste, Case No.

08222023 "Wilgan ..."       pg. 2 of

:2021-DR-011928-0; Case No.: CPS2001747895 DOAH Case no.: 22-000369CS; UCN: 482021DR011928A001OX    Depository    No.:    48210011928DR:    ("Administrative Action").

VII.      Petitioners, individually and collectively,  imputed a status of "citizenship" solely to obtain jurisdiction against Wilgan, who is not the same entity as the 'impleaded Respondent', an 'ens legis' identified by its 'legal name' (a/k/a surname, assumed name, hybrid name), in its administrative action to allege a statutory claim under the Social Security Act, 42 U.S.C. 666; Petitioner's conduct caused injury-in-fact to Wilgan, by knowing the assertion was false, imputed such status of "citizenship", violated Wilgan's freedom to exercise his religion, and by such action placed Wilgan under "involuntary servitude" as an "indentured servant" against his strongly held religious practice violated the 1st and 13th Amendment protections; The Department of Revenue, as an agency of the State of Florida is to be held to a higher standard being a subdivision of government who is fully aware or should be aware of those protections held so dear.

VIII.      The paramount issues in this matter for removal to federal jurisdiction is based on:

1) The State of Florida via FLDOR, does not have in personam jurisdiction over Wilgan, as the indemnified registered name-holder (MN) and registered agent for the alleged 'impleaded respondent' and as a 'no-citizen' of the United States and the State of Florida.

2) The irrefutable fact, Wilgan has been denied proper due process of law when FLDOR failed to perfect 'service of process' and never physically served Wilgan with the original complaint by  a U.S. Marshall (federal jurisdiction is the proper venue, not Florida), a

08222023 "Wilgan ..."    pg. 3 of

Florida Sheriff or a process server. FLDOR failed to provide proper service of process. FLDOR's claims must be dismissed as Fed.R.Civ.P. P. Rule 12(b) controls.

3) FLDOR failure to perfect proper due process of service thus Wilgan was denied the right of due process and is fully entitled to relief by the defense of lack of personal jurisdiction over the person: 1) improper venue and 2) insufficiency of service of process. Fed.R.Civ.P., Rule 12(b)(2)–(5) and Fla.R.Civ.P Rule 1.070 – Process.

*"action purely in personam which a personal judgment is sought, personal service of process on the Respondent is required. in any case, the absence of a statute authorizing a substitutional method, service of process must be personal"*. 62 Am Jur 2d, §44, Process.

IX. The federal courts have jurisdiction from over-reaches by the States via 14th Amend.

X. Wilgan, is <u>not</u> a Florida 'citizen' or a U.S. 'citizen' which requires his consent and creates a 'reciprocal obligation'. *"Allegiance and protection which one is a compensation for the other"*. Luria v. U.S., 231 U.S. 9 (1913);  Minor v. Happersett, 88 U.S. (21 Wall.) 162 (1875); U.S. v. Cruikshank, 92 U.S. 542 (1875).

XI. Wilgan clearly repudiates the FLDOR's false claim, who should be sanctioned for submitting a bogus pleading as verified by his sworn 'Declaration of Self-Determination', unrepudiated. Maxim: *"The presumption is always in favor of the one who denies"*. See: Fed.R.Evid. Rule 902 - *'Evidence That Is Self-Authenticating'*; Fed.R.Evid. Rule 901 - *'Authenticating or Identifying Evidence'* (7) *'Evidence about Public Records'* and by the Maxim: *"Written instruments should be liberally construed so they may stand, rather than fall"*.

XII.    The International 'Right of Self-Determination' accepted doctrine under

International Law per the Charter of the United Nations, article 1 of the International Covenant on Rights, General Comment No. 12 ( 03/13/1984), CCPR, endorsed by the International Court of Justice that '*All People have a right to self-Determination*' See: The Laws of Nations which is a part of the laws of the United States. *U.S. v. Ravara*, 2 U.S. 297 (1793).

XIII.    Under the 'Presumption of citizenship' 3C Am. Jur. 2D § 2207, cited to wit:

"*As a general rule, it is presumed, **until the contrary is shown**, that every person is a citizen of the country in which he or she resides. Furthermore, once granted, citizenship is presumably retained unless voluntarily relinquished, and the burden rests upon one alleging a change of citizenship and allegiance to establish that fact. Consequently, a person born in the United States is presumed to continue to be a citizen **until the contrary is shown**, and where it appears that a person was once a citizen of a particular foreign country, even though residing in another, the presumption is that he or she still remains a citizen of such foreign country, **until the contrary appears**.*".

XIV.    Wilgan's "Declaration of Self-Determination" hereby validates, "***until the contrary is shown***". *supra*. Maxim: "*The presumption is always in favor of the one who denies*".

XV.    FLDOR has lied to the federal court without supported evidence and should be sanctioned for unethical behavior. FLDOR falsely claimed Wilgan is a "*citizen*" of Florida and of the United States under a status and definition as a "*citizen*". Wilgan firmly repudiates. See: "*it was not the intention of the amendment* (14th) *to make any citizen of the U.S. a citizen of any particular state **against his will**, which the exigencies of his*

08222023 "Wilgan …"        pg. 5 of

business. his social relations or obligations or other cause, might require his presence for a greater or less length of time, without any intention on his part to become such citizen. Sharon v. Hill, 26 F. 337 (9th Cir. 1885). Maxim: "*A fact not appearing is presumed not to exist*".

XVI.    In this court of equity, the Rules of Equity and Maxims Control: "*today **the rules and maxims governing courts of equity** are as definite and certain as those governing other tribunals and by them the chancellor is bound rather than by what he conceives to be right and just in a particular case*". Home Owners' Loan Corp. v. R.S. Wilkes, et ux. 130 Fla. 492, 498, 178 so. 161, 163 (1938).

XVII.    The U.S. Supreme Court declared, '*citizenship is a membership into political society*'. Luria v. U.S. 231 U.S. 9 (1913); U.S. v. Polzin, 48 F.Supp. 476 (1942). The record is void of any signed membership application that Wilgan consented to before entering into a specific form of political society, e.g. U.S. citizen, Florida citizen.

XVIII.    The federal courts have repeatedly declared that: '*it is citizenship that confers jurisdiction and not one's domicile, inhabitancy or residence*'.  Bank of U.S. v. Deveaux, 9 US 61 (1809); Haskell v. Bailey, 63 F. 873 (1894); Steigledger v. McQuesten, 198 U.S. 141 (1905); Parker v. Overman 18 How. 141; Robertson v. Cease, 97 U.S. 648; Grace v. American Central Ins. Co., 109 U.S. 283 (1883).

XIX.    No government [or agency thereof], court, law, statute, code, regulation, ruler, executive order or by majority vote, has the lawful authority to transfer, dictate or force a Christian man into a specific political society against his will, e.g. U.S. citizen, State of Florida citizen. See: "*A party does not become a citizen of the state against his will*".

Sharon v. Hill, *supra*. See also: *"U.S. citizenship remains optional"*. Gravatt v. U.S., 100 Fed.Cl. 279 (2011); Maxim: "No one is obliged to accept a benefit against his consent".

XX.    No government [or agency thereof], court, law, statute, code, regulation, ruler, executive order or by majority vote, has the lawful authority to transfer, dictate or force a Christian man's personal allegiance to the U.S. government or State government that it would create a 'reciprocal obligation ('allegiance or protection') against his will. *Luria v. U.S.*, supra; *Minor v. Happersett, supra*; *U.S. v. Cruikshank, supra, Sharon v. Hill. supra*. Maxim: "No one is obliged to accept a benefit against his consent".

XXI.    Wilgan proclaims that he owes no allegiance to any nation, State, ruler, king, queen, pope, president or a flag but only owes his 'primary permanent' allegiance to God (God of Abraham, Isaac, Jacob) as required as commanded from God by His words ('Sola Scripta', 'scriptures alone'). See: Genesis 49:10; 1 Kings 12:27; 1 Chronicles 12:29. 29:24; 2 Chronicles 15:14-15, 30:8, Isaiah 19:18; 45:22-23; Ezekiel 17:18-21, 21:23; Acts 17:7; Romans 14:11; Hebrews 13:15; Revelation 13:3.

XXII.    The Respondent also proclaims he owes his contingent permanent allegiance to his neighbor as both commands were ordered by Jesus the Christ in Matthew 22:34-36. The U.S. Supreme Court declared, *"there is a higher loyalty than loyalty to this country, it is loyalty to God"*, U.S. v. Seeger, 380 U.S. 163 (1965).

XXIII.    FLDOR's slanderous claims of term against Wilgan as a 'sovereign citizen' proves their own idiocy by such a moronic statement, typically used by corrupt attorneys and judges that lack the proper historical intelligence and facts who coined such a oxymoronic phrase. The U.S. Supreme court declared the people are sovereign, not the

*(handwritten in left margin: Special Private Priority)*

citizens.

XXIV.  Counter-claims: First, Wilgan intends to file formal complaints against FLDOR's attorneys for lying to both the federal court and Florida administrative courts for unethical behaviors. Wilgan shall motion for sanction pursuant to 28 U.S.C. 1927, then under Rule 11.

XXV.  Second, Wilgan intends to file a formal complaint to the Florida 'JQC', Judicial Qualifications Committee' against the Administrative Law Judge  ("ALG"), Andrew D. Manko for willingful commencing acts before first establishing jurisdiction on the record before proceeding as required when Wilgan came in under 'special appearance'. Wilgan placed multiple defenses and challenges on record under Fed.R.Civ.P., Rule 12(b) as is his right under the 'presumption of innocence. Manko has knowingly waived all immunity by his own actions and is subject to civil liability. See: "Immunity may be overcome only: (1) where a judge has not acted within a judicial capacity, or (2) where a judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction Stump v. Sparkman, 435 U.S. 349 (1978) ("2 prong test"); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219 (1988).

XXVI.  FLDOR's attorneys violated the fundamental rule by a presumption since an argument is limited to the facts in evidence. Administrative Judge Manko is guilty for allowing such shenanigans while waiving his own immunity for proceeding without supported evidence of jurisdiction first being entered on the record. See: U.S. v. Fearns, 501 F.2d 486,489 (7th Cir. 1974); See also: AmJur §65 – 'Effect of fraud in obtaining personal jurisdiction'

'*In a civil case, a court will not exercise jurisdiction which rests on service of process on a Respondent who has been decoyed, enticed or induced to come within the court's reach by any false representation, deceitful contrivance, wrongful devise for which the Petitioner is response....*

'*it should abstain from exercising jurisdiction in view of an unfair manner which it was procured*'.

Maxim: "*A fact not appearing is presumed not to exist*". Rules and maxims control herein.

XXVII.    The U.S. Constitution did not confer [upon the states] a new power or jurisdiction, but to regulate the effect of the acknowledged jurisdiction over persons and things within the territory. *Old Wayne Mut. Life Assn v. McDonough*, 204 U.S. 8 (1907).

XXVIII.    In this matter exists only by the fabricated and unsupported presumptions created by the FLDOR to misled and misdirect the federal court where respect to jurisdictional evidence and facts, the record remains silent and empty. Maxim: "*A fact not appearing is presumed not to exist*". Rules and maxims control herein.

XXIX.    Without Wilgan's expressed consent to enter a specific form of political society or consent to enter into a membership of citizenship, the State of Florida has nothing to rest on as a matter of law. See: "*Every man is independent of all laws, except by nature. He is not bound by any institutions formed by his fellow-men without his consent*". Cruden v. Neale, 2 NC 338 (1796). see also: "*By virtue of the obligations of citizenship, the U.S. retained its authority over him and bound by its laws made applicable to him even in a foreign country*". Cook v. Tait, 265 U.S. 47 (1924); *Blackmer v. U.S.*, 284 US 421 (1932); *U.S. v. Slater*, 545 Fed. Supp. 179 (1982); *Kitchens v. Steele*, 112 F.Supp 383 (1953); *U.S.

*Special Private Priority*

*v. Cruikshank*, 92 U.S. 542 (1875).

XXX.     No government [or agency thereof] has the power to command until one binds himself to it ('Lex') , *"except when surrendered by citizenship to the agencies of government"*. City of Dallas v. Mitchell, 245 S.W. 944 (TX, 1922). Maxim: "Consent makes the Law"

XXXI.     This Notice of Removal is timely, complete and has been properly served.

a)  This Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

b)  This federal Court has original equity jurisdiction over the subject matter and the parties as described herein.

c)  Respondent is the only named Respondent in the Complaint. All requirements for removal are met. See *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

d)  To Respondents knowledge, no previous application has been made for the removal requested herein.

e)  Respondent has provided written notice of this Notice to counsel of record for Petitioner. A true and complete copy of this Notice will be filed in the Administrative Action.

<u>Relief Requested</u>

1.  The  relief requested by the United States District Court is to preserve the rights of Wilgan by issuing a temporary injunctive order against Petitioner STATE OF FLORIDA, DEPARTMENT OF REVENUE, COURTNEY TIERRA COOPER, et al.,

2.  An order by this United States District Court to set-aside the Circuit Court of the Ninth Judicial Circuit Orange County State of Florida order which proceeded without

jurisdiction on record – See Motions presented.

<u>Preservation of Rights and Defenses</u>

All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

Respondent also reserves the right to amend or supplement this Notice of Removal at any time.

WHEREFORE, Wilgan respectfully petitions for this federal court to grant the removal of the State action for lack of jurisdiction on multiples defenses and to maintain original equity jurisdiction within the federal court under 28 U.S.C. §§ 1332, 1441, 1442, 1446, and 1447.

**Certificate of Service**

The undersigned certifies that on 31st day of August 2023, a copy of the foregoing document was served via U. S. Mail, postage prepaid, to:

c/o Attorney for Courtney Tierra Cooper
KENE H. ANUSIONWU, ESQ
BAR # 111341
9100 Conroy Windermere Rd.
Suite 200
Windermere, Florida 34786

/s/ Wilgan Cajuste          By: _Cajuste, Wilgan._
                   Cajuste, Wilgan , indemnified Agent, registered name-holder/agent.
                   co Post Office Box 885, Ocoee, Florida 34761
                   All rights reserved without recourse and without waiver.

08222023 "Wilgan …"        pg. 11 of

*Special Private . Priority*

*Special Private Priority*

IN THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT

State of Florida,

Department of Revenue,                           Case No.: 6:23-cv-1482-RBD-DCI

Courtney Tierra Cooper, et al.

                Petitioner,        **INDEX OF PAPERS**

v.

WILGAN CAJUSTE

                Respondent.

**TO:**    Clerk of the U. S. District Court for the Middle District of Florida

I.   NOTICE OF REMOVAL (AMENDED)          Pgs. 2 - 11

II.  BRIEF IN OPPOSITION TO PETITIONER'S MOTION TO DISMISS   Pgs. 12 - 30

III. MOTION FOR A MORE DEFINITE STATEMENT        Pgs. 31 - 35

IV. MOTION FOR TEMPORARY INJUNCTIVE RELIEF /

     MOTION TO SET ASIDE JUDGMENT with MEMORANDUM

     OF LAW IN SUPPORT THEREOF            Pgs. 36-48

V.  NOTICES TO OTHERS (copies)           Pgs. 48-52

08222023 "Wilgan …"      pg. 1 of